IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA MOLINARY,<br>          Plaintiff,<br><br>       v.<br><br>FARHOD KOSIMOV,<br>ZEEGOT LOGISTICS, LLC and<br>WHITE WAY, LLC,<br>          Defendants. | CIVIL ACTION<br><br><br><br>NO.  25-1580 |

MEMORANDUM

**HODGE, J.**                                                                                                       **October 31, 2025**

Presently before the Court is Plaintiff Maria Molinary's ("Plaintiff") motion to remand ("Motion") this case back to the Philadelphia County Court of Common Pleas following removal to this Court by Defendants Farhod Kosimov ("Kosimov") and Zeegot Logistics, LLC ("Zeegot") (collectively "Defendants"). (ECF No. 12.) For the reasons set forth below, the Court grants Plaintiff's Motion.

**I.     BACKGROUND**

On December 18, 2023, a motor vehicle collision occurred at the 4900 block of Linden Avenue in Philadelphia when, according to Plaintiff (a citizen of Pennsylvania), a tractor-trailer driven by Kosimov (a citizen of New Jersey) "suddenly and without warning began backing illegally and without properly checking for traffic, and backed straight into the passenger side of Plaintiff's car as she was turning." (ECF No. 12 at 1.) As a result of the collision, not only did Plaintiff's car sustain damages, but Plaintiff herself ultimately underwent "two medial branch nerve block injection/radiofrequency ablation procedures," which require future surgery. (*Id*. at 2.)

Before leaving the scene of the crash, Plaintiff took photos of the tractor trailer in question, which depicted the license plate number "526-7168" from Maine as well as a logo of Zeegot, a USDOT-licensed motor carrier whose principal place of business is in Ohio. (*Id.*) Plaintiff also took a photo of information contained on Kosimov's phone, which she "assume[s] identif[ies] another USDOT-licensed motor carrier": White Way, LLC ("White Way"), also a citizen of Ohio. (*Id.*)

Based on this information, on January 30, 2025, Plaintiff filed suit in the Philadelphia County Court of Common Pleas against Kosimov, Zeegot, and White Way for various negligence-based claims. (ECF No. 1-2 at 4.) In addition to serving Kosimov and Zeegot on February 7 and 24, 2025, respectively, Plaintiff served White Way with the Complaint by certified mail, return receipt requested (just as she served the other two Defendants) on February 11, 2025. (ECF No. 12 at 3.) On March 26, 2025, the last day on which Zeegot could remove this case from state court, Zeegot and Kosimov removed this case to this Court under 28 U.S. Code § 1332 without first acquiring consent to removal from White Way. (ECF No. 1.)

Plaintiff moved to remand the action back to the Court of Common Pleas on April 3, 2025 (ECF No. 12), and briefing on Plaintiff's Motion was completed by April 16. (ECF Nos. 14, 15). The Court now addresses the Motion.

II.     **LEGAL STANDARD AND APPLICABLE LAW**

Subject to certain exceptions established by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined

2

and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This has been termed the "rule of unanimity." Failure of all defendants to join in removal creates a defect in removal procedure within the meaning of 28 U.S.C. § 1447(c). *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

Failure to timely or adequately consent to removal functions as a procedural bar to removal, which may be disregarded only under the following circumstances: (1) a non-joining defendant is unknown or is a nominal party; (2) a defendant has been fraudulently joined; or (3) a nonresident defendant has not been served at the time the notice of removal is filed. *Id.* (citations omitted). As relevant here, the Third Circuit has defined "nominal parties" as "those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991); *see also Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013) (finding a defendant with "no actual interest in the outcome of the litigation" is a nominal party); *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (observing courts have found "a party who is neither necessary nor indispensable to join in the action" is a nominal party) (citation and internal quotation marks omitted).

Where a procedural defect in the removal process exists, a motion to remand the case may be made within 30 days after the filing of the notice of removal. *Id.* (quoting 28 U.S.C. § 1447(c)). Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). The Third

Circuit has also repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

### III.   DISCUSSION

Plaintiff argues that Defendants' "failure to obtain timely consent from White Way renders this removal defective under 28 U.S.C. § 1446(b)(2), and requires prompt remand to the Philadelphia County [Court of Common Pleas]." (ECF No. 12 at 7.)

In contrast, Defendants argue that it was not necessary for them to obtain consent from White Way prior to removal because White Way is a nominal party. (ECF No. 14 at 11.) Specifically, Defendants allege that White Way "does not have a real interest in this litigation" because it was not the USDOT-licensed carrier in question. (*Id.*) To support this claim, Defendants reference an invoice purporting to show that (1) Kosimov had "picked up a trailer of paper towel rolls in Wapakonobe, Ohio,[1] on December 16, 2023"; (2) Kosimov "was in the process of delivering same to Macungie, Pennsylvania, when the accident allegedly occurred"; and (3) "[t]he USDOT-licensed motor carrier is confirmed as [Zeegot]." (ECF No. 14 at 2.) Furthermore, in regard to the picture Plaintiff took of Kosimov's phone, Defendants assert that the photo "lists the license plate for the trailer as 'PWZ0037' from Ohio," which differs from the Maine license plate number of the tractor trailer that Plaintiff took pictures of. (*Id.* at 3.)

The Court finds Defendants' arguments to be unavailing. First, it is unclear from the aforementioned invoice whether it relates to the shipment Kosimov was hauling at the time of the crash (versus some other shipment), namely because the route from Wapakoneta, Ohio to

---

[1] Given that Wapakonobe, Ohio does not exist, the Court assumes that Defendants mean Wapakoneta, Ohio, which is listed on the invoice. (ECF No. 14 at 15.)

4

Macungie, Pennsylvania would take a driver nowhere near the 4900 block of Linden Avenue in Philadelphia —the distance from Macungie to Linden Avenue is at least fifty (50) miles.[2] Additionally, as Plaintiff contends, the invoice "does not explain the shipment information photographed directly from Kosimov's phone, which seemingly identifies White Way as the USDOT-licensed motor carrier involved in his shipment." (ECF No. 15 at 2.) Relatedly, if White Way indeed was the carrier involved in Kosimov's shipment, it would have a real interest in the outcome of the case because it would be subject to liability for Plaintiff's injuries and associated medical costs. *Cf. Am. Asset Fin.*, 821 F. Supp. 2d at 700 (finding a party is nominal where "there is no reasonable basis for predicting that it will be held liable").

Due to the ambiguity of the relevant motor carrier's identity, and because all doubts must be resolved in favor of remand, Defendants have not met their burden of proving that this case is properly before this Court.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants ECF No. 12. An appropriate Order follows.

BY THE COURT:

/s/ Kelley B. Hodge
_____
**HODGE, KELLEY B., J.**

---

[2] Using a GPS mapping tool, the Court calculated the distance between Macungie and the 4900 block of Linden Avenue in Philadelphia to be anywhere from fifty-three (53) to sixty-three (63) miles.